```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

United States of America,          :

      Plaintiff,              :

  v.                                 :     Case No. 2:06-mj-363

Kenneth Lamont Clark,              :     MAGISTRATE JUDGE ABEL

      Defendant.              :

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court for a preliminary hearing and detention hearing on September 13, 2006. The hearing was recessed after some evidence was presented and reconvened on September 22, 2006.  At the conclusion of the hearing, the Court found probable cause to believe that the defendant had committed the offense with which he is charged and also detained him without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for those decisions.

    The defendant was charged in a criminal complaint filed on September 11, 2006 with the possession of a firearm and ammunition after having been convicted of a felony.  In support of the complaint, the United States presented the testimony of Timothy Burt an agent of the Bureau of Alcohol, Tobacco, Firearms & Explosives.  According to Agent Burt, a fire occurred at a residence on 14th Avenue in Columbus on September 8, 2006.  When fire personnel responded to the fire, Mr. Clark, who was staying at the house, advised them that he had started the fire accidently by leaving a candle burning in the residence.  During the course of conversations between the State Fire Marshal and the defendant, the defendant stated that he had been holding a

shotgun on his lap, and he asked the Fire Marshal to retrieve it and place it in his vehicle because, as a convicted felon, the defendant could not have the firearm in his vehicle.  The Fire Marshal located the shotgun and ammunition.  The Fire Marshal then called federal authorities who took possession of the weapon and determined that it was not manufactured in the State of Ohio.  A subsequent search of the residence turned up an additional firearm, and an interview of the homeowner revealed that she had no knowledge of the firearm and that neither she nor her late husband possessed any firearms.  She also identified the shotgun as belonging to the defendant.  Based upon this evidence, the Court concluded that probable cause existed to prove the §922(g)(1) violation.

With respect to the issue of detention, because the charge does not carry a presumption of detention, the government was required to prove its case for detention under the following legal standard.

Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before

trial." Id. If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987). Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror. See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

Here, although the government presented substantial evidence about the defendant's alleged involvement in a prior arson and threats made to employees of the insurer of a house located in Johnstown, Ohio, the Court concluded that the following evidence was determinative of the issue of detention. The defendant is a convicted felon. According to the Pretrial Services Report, he was convicted in 1996 of threatening a crime with the intent to terrorize and convicted in 2003 of attempted terrorists threats.

With respect to both cases, he spent some time in jail and was placed on probation.  His record of complying with conditions of probation appears to be poor.  He was charged with at least three violations of the 1996 probation and his probation was revoked. He had several violation hearings with respect to the 2003 probation, and that probation was revoked as well.  Further, he was still on probation at the time the instant offense was committed, and a specific term of that probation was that he not possess dangerous weapons, including firearms.  He also was required to, but did not, participate in an anger management course, and the testimony of Agent Burt indicates that the defendant still has anger management problems.  Under those circumstances, the Court was persuaded that he is a danger to the community and that there are no conditions which the Court could set which would guard against that danger.  For that reason, he was detained without bond pending trial.

    The defendant was advised of his right to seek to review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge